IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VANACKEREN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

NICHOLAS F. VANACKEREN, APPELLANT.

Filed February 18, 2025.    Nos. A-24-638, A-24-639.

Appeals from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Brett McArthur for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

In these consolidated cases, Nicholas F. Vanackeren was convicted in Hall County District Court of third degree assault and second degree arson. He was initially sentenced to probation for both charges, however, as a result of additional criminal charges and his admission to the violation of his probation, Vanackeren's probation was revoked and he was sentenced to consecutive terms of 6 months' and 12 months' imprisonment, respectively, followed by 12 months' post-release supervision. On appeal, he claims that the sentences imposed were excessive and that his trial counsel was ineffective for failing to raise his mental health issues as a potential defense. Finding no error, we affirm.

## STATEMENT OF FACTS

Pursuant to a plea agreement, Vanackeren was convicted of third degree assault in case CR 23-185, and of second degree arson in case CR 23-187. On October 25, 2023, he was sentenced to

24 months of probation for the assault charge and 36 months of probation for the arson charge, to run concurrently. Part of the conditions of his probation required that he not violate any laws and that he refrain from disorderly conduct or acts injurious to others. On December 21, Vanackeren was charged with "Assault, Strike or Cause Bodily Injury" and disturbing the peace (this charge was later dismissed). The State thereafter filed motions for revocation of probation. On March 29, 2024, Vanackeren was cited for "Injure or Destroy Property of Another" and a supplemental alleged probation supervision violation was filed on April 3. On May 23, Vanackeren admitted that he violated the orders of probation. The district court accepted the admission and found that he violated the orders of probation. An updated presentence investigation (PSI) report was ordered, and the matter was set for further disposition.

On July 29, 2024, the district court found that Vanackeren's probation should be revoked and sentenced him to 6 months' imprisonment on the assault charge, and 12 months' imprisonment on the arson charge, followed by a period of 12 months' post-release supervision, with credit for 5 days and 2 days previously served, respectively. The sentences were ordered to be served consecutively.

Vanackeren appeals.

## ASSIGNMENTS OF ERROR

Combined and restated, Vanackeren assigns that the district court imposed an excessive sentence, and that he received ineffective assistance of trial counsel due to counsel's failure to raise Vanackeren's mental health issues as a possible defense.

## STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## ANALYSIS

### EXCESSIVE SENTENCE

The district court determined that the orders of probation should be revoked due to Vanackeren having received new charges, and sentenced Vanackeren to 6 months' imprisonment for the assault charge and 12 months' imprisonment for the arson charge, followed by 12 months'

post-release supervision. The sentences were ordered to be served consecutively, with credit for 5 days and 2 days previously served, respectively.

Third degree assault is a Class I misdemeanor, punishable by up to 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-310(1)(a)(b) (Reissue 2016); § 28-106(1) (Reissue 2016). Second degree arson is a Class III felony, punishable by up to 4 years' imprisonment, and up to 2 years' post-release supervision. See Neb. Rev. Stat. § 28-503 (Reissue 2016); § 28-105(1) (Cum. Supp. 2022). Thus, the sentences imposed were within the statutory limits. Nevertheless, Vanackeren asserts that the district court erred in failing to order probation and failing to adequately consider the sentencing factors.

When a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Barnes*, 317 Neb. 517, 10 N.W.3d 716 (2024). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (sentencing court is accorded very wide discretion in imposing sentence).

The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Barnes, supra.* Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020).

At the sentencing hearing, the district court noted its review of the PSI. The updated PSI shows that Vanackeren, age 25, was participating in counseling and had undergone a recent psychological evaluation. His prior criminal history included three convictions for injuring or destroying property of another, and three convictions for disturbing the peace. He scored in the medium low risk range to recidivate on the Level of Service/Case Management Inventory. The court concluded that it was not appropriate to continue Vanackeren's probation as he had failed to comply with the terms and conditions of his probation.

There is nothing in the record that indicates the district court failed to consider the relevant sentencing factors. We find no abuse of discretion by the district court in the sentences imposed.

INEFFECTIVE ASSISTANCE OF COUNSEL

Through different counsel, Vanackeren contends that his trial counsel provided ineffective assistance by failing to raise the issue of his mental health as a potential defense. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the

- 3 -

defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024). Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. German, supra*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

Vanackeren argues that despite his trial counsel's knowledge of his mental health diagnoses and treatment plan, trial counsel did not raise the issue prior to sentencing. Vanackeren asserts that because of counsel's failure, he was prejudiced because he was not able to rationally determine whether to accept a plea bargain.

At the plea hearing, Vanackeren affirmed that he understood the allegations being made in the motions to revoke his probation and the potential consequences. Vanackeren advised the district court that he was taking prescription medications, but they did not prevent him from being able to understand what was going on in court that day. He also agreed that being on the medications did not prevent him from being able to enter a free, voluntary, knowing and intelligent admission. He advised the court that he was under the care of a therapist and a "med provider" for

his medications. Vanackeren again affirmed that there was nothing about his condition that prevented him from understanding the events that day or from entering his admission freely, voluntarily, knowingly and intelligently. Vanackeren further stated that "I am improving."

The district court found that Vanackeren was following the questions; that he was giving suitable answers to the questions asked; that physically, including his eyes, speech and hearing, he appeared to be normal; and the court concluded that he was not, at that time, affected by alcohol, narcotics or other medications. The court advised Vanackeren of his various rights and the consequences of entering an admission to the motions; Vanackeren indicated that he understood the rights and consequences. He also indicated that he had an opportunity to discuss all of the rights with his attorney, that he did not need any more time to talk with his attorney, and that he was waiving the rights freely and voluntarily. Defense counsel affirmed that he had discussed the rights with Vanackeren and believed that he understood his rights, that he understood the consequences of waiving them, and was doing so freely, voluntarily, knowingly and intelligently.

After the recitation of a factual basis for the probation violation in both cases and further questioning by the district court, the court accepted Vanackeren's admissions and found by clear and convincing evidence that he violated the orders of probation.

The updated PSI included the information regarding Vanackeren's diagnoses and treatment. As a part of his probation, Vanackeren underwent a psychological examination on February 15, 2024. At that time, he was 25 years old, unemployed, and living with his parents. The presenting problem noted in the evaluation was his continued aggressive behavior that potentially harms others. The evaluation determined the following diagnoses: Autism Spectrum Disorder with accompanying intellectual impairment (by history); Attention Deficit/Hyperactivity Disorder (ADHD), predominantly hyperactive/impulsive presentation (by history), and Intermittent Explosive Disorder. The evaluation recommended ongoing psychotherapy, programming targeting violent behavior, and participation in a structured day program.

At the sentencing hearing, defense counsel stated that Vanackeren had made a lot of changes since these events happened. He noted that Vanackeren was in counseling and was "working on a lot of things, including his recent diagnosis with intermittent explosive disorder." Counsel also noted Vanackeren's additional diagnoses of autism spectrum disorder and ADHD.

The record reflects that defense counsel did raise Vanackeren's mental health issues at the sentencing hearing, which issues were also thoroughly outlined in the PSI reviewed by the district court. The record supports the district court's finding that Vanackeren entered his admissions freely, voluntarily, knowingly, and intelligently.

Vanackeren has failed to show that his attorney was ineffective.

## CONCLUSION

The district court did not abuse its discretion in sentencing Vanackeren after finding that his probation should be revoked. Vanackeren's claim that his trial counsel was ineffective fails.

AFFIRMED.